IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

      Plaintiff,                        No. 2:11-cv-392-JAM-EFB PS

      vs.

SARABJIT KAUR SINGH, et al.,

      Defendants.                 ORDER

         On August 9, 2012, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). *See* Dckt. No. 15. Because this case has not yet been scheduled pursuant to Federal Rule of Civil Procedure 16(b), a status (pretrial scheduling) conference will be set before the undersigned.

         Accordingly, IT IS HEREBY ORDERED that:

         1. A status (pretrial scheduling) conference is set for September 19, 2012, at 10:00 a.m. in Courtroom No. 24 before the undersigned.

         2. Although plaintiff and defendant Dwayne L. Zajic purportedly filed a "joint status report" on August 8, 2012, Dckt. No. 14, a review of that report reveals that only plaintiff's positions are set forth therein. Therefore, on or before September 5, 2012, the parties shall file either a joint status report or separate status reports briefly describing the case and addressing the following:

1

a.  Progress in service of process;

b.  Possible joinder of additional parties;

c.  Expected or desired amendment of pleadings;

d.  Jurisdiction and venue;

e.  Anticipated motions and their scheduling;

f.  The report required by Federal Rule of Civil Procedure 26 outlining the proposed discovery plan and its scheduling, including disclosure of expert witnesses;

g.  Cut-off dates for discovery and law and motion, and dates for pretrial conference and trial;

h.  Special procedures, if any;

I.  Estimated trial time;

j.  Modifications of standard pretrial procedures due to the simplicity or complexity of the proceedings;

k.  Whether the case is related to any other cases, including bankruptcy;

l.  Whether a settlement conference should be scheduled;

m.  Whether counsel will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving disqualification by virtue of his so acting, or whether they prefer to have a settlement conference conducted before another judge;

n.  Any other matters that may add to the just and expeditious disposition of this matter.

3. Failing to obey federal or local rules, or order of this court, may result in dismissal of this action.  Even though the court will construe pro se pleadings liberally, pro se litigants must comply with the procedural rules.

4. The parties are reminded of the continuing duty to notify chambers immediately of any settlement or other disposition. *See* L.R. 160.  In addition, the parties are cautioned that pursuant to Local Rule 230(c), opposition to granting of a motion must be filed fourteen days

1  preceding the noticed hearing date.  The Local Rule further provides that "[n]o party will be
2  entitled to be heard in opposition to a motion at oral arguments if written opposition to the
3  motion has not been timely filed by that party."  Moreover, Local Rule 230(I) provides that
4  failure to appear may be deemed withdrawal of opposition to the motion or may result in
5  sanctions.  Finally, Local Rule 110 provides that failure to comply with the Local Rules "may be
6  grounds for imposition of any and all sanctions authorized by statute or Rule or within the
7  inherent power of the Court."

8  DATED:  August 21, 2012.

9  _____
   EDMUND F. BRENNAN
10  UNITED STATES MAGISTRATE JUDGE